**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JEWEL P. U-AHK-VROMAN-SANCHEZ<br>84-914 Lahaina street<br>Waianae, HI 96792<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF DEFENSE<br>1000 Defense Pentagon,<br>Washington, DC 20301-1000<br><br>Defendant. | No. 1:19-cv-3141 |

**COMPLAINT FOR JUDICIAL REVIEW AND DECLARATORY RELIEF**

**INTRODUCTION**

1. This is an action under the Administrative Procedure Act ("APA"), 5 U.S.C. § 702, challenging the disability rating assigned by the Secretary of the United States Army ("Army"), a branch of the Department of Defense ("DOD"), to Plaintiff Jewel P. Greenidge,[1] a former Army Specialist ("SPC").

2. The disability rating initially assigned to Plaintiff by the Army (10%) upon her discharge in December 2003—and later assigned by the Secretary (20%) in September 2017 after a recommendation from the Physical Disability Board of Review—resulted in Plaintiff's honorable

[1] Plaintiff's medical and military records sometimes refer to her former names. Until February 12, 2000, Plaintiff's name was Jewel P. McComie. From February 12, 2000, until May 1, 2015, Plaintiff's name was Jewel P. Greenidge. Because the vast majority of the documents in the record refer to Plaintiff as Jewel P. Greenidge, for ease of reference in comparing this Complaint to the record, Plaintiff is referred to herein as "Plaintiff" or "Jewel P. Greenidge."

discharge from the Army because she was "physically unfit" to serve. The Secretary's determination of Plaintiff's combined disability rating arbitrarily and capriciously failed to recognize evidence in the record regarding three conditions that should have been found unfitting and/or assigned higher disability ratings: (A) bilateral shin splints, (B) left foot strain, and (C) right hip pain. Plaintiff suffered a legal wrong as a result of the Secretary's decision.

3. When the Army determines that a service member has one or more disabilities that make the member unfit for continued military service, the service member is typically separated from service with either: (1) a lump-sum disability severance payment; or (2) disability retirement status. The combined disability rating assigned to the service member determines whether the service member is entitled to a lump-sum disability severance or disability retirement. Like other military branches, if the Army assigns the service member a disability rating of 20% or less, the service member is entitled to a lump-sum disability severance payment; and if Army assigns the service member a disability rating of 30% or more, the service member is entitled to disability retirement status. The Army is required to apply the disability rating criteria contained in the disability rating schedule of the U.S. Department of Veterans Affairs ("VA"), known as the VA Schedule for Rating Disabilities ("VASRD") (38 C.F.R. Part IV). Unlike service members who receive the lump-sum severance payment, a disability retiree is entitled to, among other things, military health care (TRICARE) for the retiree, the retiree's spouse, and the retiree's minor children; access to military bases; and commissary privileges.

4. On December 22, 2003, the Army honorably discharged Plaintiff for medical reasons after assigning her a 10% disability rating for a back disability. In 2016, she applied to the Physical Disability Board of Review ("PDBR"), a federal agency established in 2008 "to

review and, where appropriate, correct unjustifiably low Department of Defense disability ratings awarded since 2001." 153 Cong. Rec. 20342 (2007).

5. The PDBR adjusted Plaintiff's rating to 20% (10% for the back disability combined with 10% for bilateral feet pain), but failed to recognize at least three of Plaintiff's injuries, each of which, if appropriately considered, would have resulted in at least a 30% combined disability rating – qualifying Plaintiff for disability retirement: (A) bilateral shin splints, (B) left foot strain, and (C) right hip pain. The Secretary's error in calculating Plaintiff's disability rating is evidenced by Plaintiff's VA rating. While the Army assigned Plaintiff a 10% disability rating for her back injury, the VA – less than seven months later, and using nearly the exact same rating standards – assigned Plaintiff a >30% rating that included a rating of 40% for a back condition, 10% for bilateral shin splints, 10% for right foot strain, 10% for left foot strain, and 10% for degenerative joint disease, right hip.

6. Plaintiff suffered a legal wrong because of that final agency action. Plaintiff was adversely affected by that agency action, and thus is entitled to judicial review under the APA. 5 U.S.C. § 702. The APA authorizes this Court to set aside any agency decision that is arbitrary, capricious, unsupported by substantial evidence, or contrary to law. 5 U.S.C. § 706(2)(A). The Secretary's determination that Plaintiff did not merit a combined disability rating of at least 30% is arbitrary, capricious, unsupported by substantial evidence, or otherwise not in accordance with law.

## JURISDICTION AND VENUE

7. Jurisdiction in this Court is based on a federal question and is proper under 28 U.S.C. §§ 1331, 2201 and 2202. Plaintiff seeks relief under the APA, 5 U.S.C. § 701 *et seq*. Venue is conferred on this Court under 28 U.S.C. § 1391(b)(1).

## PARTIES

8. Plaintiff Jewel P. Greenidge served in the Army from January 23, 1997 until December 22, 2003, when the Army honorably discharged Plaintiff due to a medically unfitting condition. Plaintiff is a citizen of the United States and currently resides in Waianae, Hawaii. Throughout her service, Plaintiff was a member of a regular component of the armed forces entitled to basic pay, and therefore is an eligible member as required for disability retirement under the Career Compensation Act of 1949. 10 U.S.C. § 1201(a), (c).

9. Defendant DOD, 1400 Defense Pentagon, Washington D.C. 20301-1400, is a department of the Executive Branch of the United States Government. The Secretary is the head of the Department of the Army, which is a branch of the DOD. The DOD is an agency of the United States as defined by the APA, 5 U.S.C. § 701(b)(1), and falls within the scope of 28 U.S.C. § 1391.

10. The PDBR is an organization within the Office of the Secretary of Defense. Department of Defense Instruction ("DoDI") 6040.44, dated July 2, 2015, governs the operation of the PDBR.

## SUBSTANTIVE ALLEGATIONS

### Background

11. Plaintiff began her active duty with the Army on December 13, 1996. She completed basic training at Fort Leonard Wood, MO, and she then served as a Food Service SPC during three terms of active duty, including a tour in Bosnia. She was promoted to SPC on September 8, 1998. She served in the Army Reserve for 21 months between her terms of active duty. SPC Greenidge was awarded several medals and citations during her service, including an Army Lapel Button, a National Defense Service Medal, an Armed Forces Reserve Medal with M-

Device, an Army Service Ribbon, an Overseas Service Ribbon (2nd Award), an Expert Marksmanship Qualification Badge with rifle, and a Marksman Marksmanship Badge with grenade.

12. Plaintiff began what would be her final term of active duty on March 6, 2000. In anticipation of that term of active duty, the Army conducted a medical examination of Plaintiff on February 17, 2000. The report of that examination identified no physical disabilities.

13. Plaintiff's bilateral foot pain began in March of 2001, her right hip pain began in April of 2001, and her bilateral shin splints began in May of 2002. In November 2002, Plaintiff's conditions had become so severe that a Medical Evaluation Board ("MEB") was convened to evaluate her injuries. A MEB is a board of two or more physicians that evaluates a service member's conditions and, if appropriate, refers its findings to the Physical Evaluation Board ("PEB"). In turn, the PEB is responsible for determining whether a service member meets retention standards and formally assigning disability ratings. The MEB collected Plaintiff's service-related medical history and conducted a medical evaluation of Plaintiff. In April 2003, a military examiner prepared a Narrative Summary ("NARSUM") of the MEB process, which included findings regarding Plaintiff's then-existing physical conditions based on military medical records, the November 2002 physical examination, and an examination conducted by the military examiner. The NARSUM identified four conditions: primary diagnoses of (1) "Shin splints" and (2) "Chronic bilateral foot pain," and secondary diagnoses of (3) "Back pain" and (4) "Right hip pain." The NARSUM determined that the shin splints, right hip pain, and back pain began and were aggravated during Plaintiff's service. Despite the fact that no conditions were noted during Plaintiff's February 2000 medical examination, the NARSUM stated that Plaintiff's bilateral foot

pain had existed prior to her service. The NARSUM did not articulate any factual basis for that conclusion nor is there any such basis for that conclusion in Plaintiff's medical record.

14. On May 8, 2003, the MEB determined that Plaintiff's "continuance on active duty" was "medically contraindicated" because of all four conditions: "Bilateral Shin Splints," "Bilateral Foot Pain," "Mechanical Low Back Pain," and "Right Hip Pain." The MEB adopted the NARSUM's determination that Plaintiff's bilateral shin splints, mechanical low back pain, and right hip pain began and were aggravated during her service. Following the NARSUM's unfounded conclusion, the MEB also concluded that Plaintiff's bilateral foot pain existed prior to her service, despite listing the date of origin of Plaintiff's bilateral foot pain as March of 2001—a full year after Plaintiff began her final term of active duty (when her medical examination showed no conditions).

15. On May 16, 2003, Plaintiff formally appealed the MEB's findings. After considering Plaintiff's appeal, the MEB confirmed its original findings and recommendations on June 2, 2003. The MEB referred Plaintiff to the PEB. On August 15, 2003, the PEB made the following conclusions about Plaintiff's four conditions, and assigned Plaintiff a combined disability rating of 10%.

The PEB ultimately determined that three of her four conditions – all except Plaintiff's right hip pain – rendered her unable and unfit to perform her duties, as required for disability retirement under 10 U.S.C. § 1201(a). None of Plaintiff's conditions were noted at the time she commenced active duty, and therefore Plaintiff incurred each of the conditions while performing active duty. However, despite finding that she incurred these conditions during active duty, the PEB (like the NARSUM and MEB) concluded that Plaintiff's bilateral feet condition existed prior

to service. The PEB also found that Plaintiff's conditions did not result from her intentional misconduct or willful neglect, nor were they incurred during a period of unauthorized absence.

16. Based on the PEB's conclusions, the Army medically separated Plaintiff as unfit for further military service on December 22, 2003, with a combined disability rating of 10%, as described below. As a result, Plaintiff was separated without disability retirement.

| **Condition** | **Incurred During Active Duty** | **Rendered Unfit to Perform Duties** | **Related to Service** | **Assigned Disability Rating** |
|---|---|---|---|---|
| Mechanical Lower Back Pain | Yes | Yes | Yes | 10% |
| Chronic Bilateral Shin Splints | Yes | Yes | Yes | 0% |
| Painful Feet Condition | Yes | Yes | No – Existed Prior to Service | - |
| Right Hip Pain | Yes | No | - | - |

17. On December 31, 2003, following her discharge, Plaintiff filed a disability claim with the VA. Although the VA and DoD are separate agencies, both are required to use the same VASRD rating schedule for disabilities. 10 U.S.C. § 1216a. As part of her VA claim, Plaintiff underwent a physical examination on July 6, 2004. Based on Plaintiff's Medical Service Records and the VA examination, on August 30, 2004, the VA determined that each condition was caused by military service and assigned a higher disability rating than the PEB for all three of the conditions[2] challenged in this appeal:

- 10% for each foot for the painful feet condition (instead of 0% for both feet combined determined by the PEB);

[2] The VA considered 22 separate conditions, and awarded Plaintiff an evaluation of 10% or greater for 14 of those conditions. We note that there was a change to the applicable VASRD criteria for the "lower back injury" condition between Plaintiff's PEB decision and the VA claim. Plaintiff does not rely on the lower back injury in this appeal.

- 10% for her bilateral shin splints (instead of 0%); and
- 10% for her right hip pain (instead of 0%).

In short, applying the same criteria as the PEB, the VA reached a different conclusion for three of Plaintiff's conditions. The VA's conclusion bolsters Plaintiff's assertion that the Army's determination was incorrect.

**The PDBR Decision**

18. On February 12, 2016, Plaintiff filed an application with the PDBR for an increase in the combined disability rating assigned by the Army. Plaintiff requested that the PDBR recommend increasing her combined disability rating on three grounds: (A) her bilateral shin splints merited a disability rating of at least 10%; (B) her bilateral foot pain was incurred while on active duty, and therefore merited a disability rating; and (C) her right hip pain merited a disability rating of at least 10%.

19. On August 18, 2017, the PDBR recommended an upward adjustment to just one part of Plaintiff's three claims. The PDBR recognized that her foot pain was incurred while on active duty, and recommended a 10% disability rating for Plaintiff's right foot strain (but not her left foot strain). The PDBR rejected Plaintiff's other arguments. After this adjustment, the PDBR recommended a combined disability rating of 20%, and did not recommend a change to Plaintiff's retirement status. The table below portrays the disparity between the VA Rating and the PEB and PDBR Ratings for Plaintiff's conditions:

| MEB-Diagnosed Condition | VA Rating | PEB Rating | PDBR Rating |
|---|---|---|---|
| Bilateral Shin Splints | 10% – DC 5022 | 0% – DC 5099-5022 | 0% – DC 5099-5022 |
| Bilateral Foot Pain | | | |
| a. Right Foot Strain, Post-Osteotomy | 10% – DC 5280 | NR (EPTS*) – DC 5099-5003 | 10% – DC 5099-5003 |
| b. Left Foot Strain | 10% – DC 5284 | NR (EPTS*) – DC 5099-5003 | 0% – DC 5099-5003 |
| Right Hip Pain / Degenerative Joint Disease | 10% – DC 5252 | NR (Not Unfitting) | NR (Not Unfitting) |
| Mechanical Low Back Pain (i.e., Lumbar Strain)[3]** | 40% | 10% | 10% |
| **Combined Disability Rating** | >30% | 10% | 20% |
| * Not rated – existed prior to service.<br>** Post-PEB change to the applicable VASRD criteria for this condition. | | | |

20. On September 13, 2017, the Secretary of the Army adopted the PDBR's recommendations.[4] That decision exhausted Plaintiff's remedies with the DoD.

21. Federal law requires the Secretary and the PDBR to strictly follow the VASRD, and service branches "may not deviate" from the VASRD except when the Secretary of Defense and the Secretary of the VA have jointly prescribed a deviation. 10 U.S.C. § 1216a; DoDI 6040.44, Enclosure 3, § 5. The Secretary of Defense and the Secretary of the VA have not prescribed any deviation from the VASRD regarding Plaintiff's conditions.

22. The Secretary's assignment of a 20% combined disability rating to Plaintiff was arbitrary, capricious, and not supported by substantial evidence because it ignores the ample evidence in the record supporting a 10% disability rating for three different conditions, all of which were separately unfitting: Plaintiff's (A) bilateral shin splints, (B) left foot strain, and (C) right hip pain. If any one of these three conditions had been correctly assessed under the VASRD in place

---

[3] As noted above, Plaintiff is not appealing the Mechanical Low Back Pain ratings.

[4] The Deputy Assistant Secretary of the Army, Francine Blackmon, signed the letter accepting the PDBR's recommendation. The Deputy Assistant Secretary acts on behalf of the Secretary of the Army.

at the time of the determination, the Secretary would have assigned Plaintiff at least a 30% combined disability rating. But because none of the conditions were correctly assessed, Plaintiff suffered a legal wrong due to the Secretary's determination.

**(A) Bilateral Shin Splits**

23. The PEB found Plaintiff's bilateral shin splints unfitting and assessed a rating of 0% for this condition under VASRD, DC 5099-5022. The PDBR recommended no change to that rating, concluding there was "insufficient cause to recommend a change in the PEB adjudication," and the Secretary accepted the PDBR's recommendation.

24. In accepting the PDBR's recommendation, the Secretary acknowledged that a 10% rating should be applied for shin splints using Diagnostic Code ("DC") 5022, which "rates for either [1] limitation of motion of affected parts, or [2] degenerative arthritis." *See* 38 C.F.R. § 4.71a, DC 5022. The diseases listed under DC 5013 through 5024 are to be rated under the criteria for degenerative arthritis. Under DC 5003, degenerative arthritis qualifies for "a rating of 10 pct" where limitation of motion is "objectively confirmed by findings such as swelling … or satisfactory evidence of painful motion." *See* 38 C.F.R. § 4.71a, DC 5003. Even where the limitation of motion of the specific joint or joints involved is not compensable under the appropriate DC(s), a rating of 10% should be assessed for each such major joint or group of minor joints affected (to be combined, not added) under DC 5003. *Id*. at DC 5003.

25. Under these standards, Plaintiff's medical records support at least a 10% disability rating for her shin splints (and a 10% rating is precisely what the VA determined was appropriate for the same injury). Indeed, the PEB and MEB both noted evidence of bilateral shin spints and associated pain. The PEB noted "radiographs showing periosteal reaction middle third of tibiae." The MEB Summary noted that plain films of Plaintiff legs "showed stress reactive bone changes

at the mid-third segments of both tibial shafts." The MEB Summary further noted constant pain in the shins that was aggravated by prolonged standing, constant bending and twisting, and heavy lifting. Given this evidence in the record, the decision of the Secretary to assign a 0% rating to Plaintiff's bilateral shin splints is arbitrary, capricious, unsupported by substantial evidence, or otherwise not in accordance with law because it ignores the extensive evidence of Plaintiff's bilateral shin splints and associated pain that warrants at least a 10% rating under the VASRD. For example, Plaintiff's MEB record identifies a chief complaint of "[c]hronic bilateral shin pain," and Plaintiff's NARSUM describes repeated instances of "recurrent shin splints," "shin splints for 1 month," "continued … shin splints," "shin pain," and "pain in both legs." Plaintiff's Chronological Record of Medical Care from May 14, 2002 similarly notes that Plaintiff had "shin splints x 1 month." That evidence supports a 10% rating pursuant to DC 5003 and DC 5022.

26. The decision of the Secretary was also arbitrary, capricious, unsupported by substantial evidence, or otherwise not in accordance with law because it found that Plaintiff's "treatment records were silent beyond September 2002" as to Plaintiff's shin splints, a finding that is flatly contradicted by the Army's own records. Indeed, four of Plaintiff's Army Physical Profile forms dated after September 2002 – November 5, 2002; November 20, 2002; February 27, 2003; and March 12, 2003 – identify "shin splints" as one of Plaintiff's medical conditions. Moreover, the MEB dated April 25, 2003 identifies a "primary diagnos[is] of "[s]hin splints" and describes Plaintiff's "Present Condition" as experiencing "bilateral shin pain that is aggravated by prolonged standing (over 20 minutes), constant bending and twisting from the hip, and heavy lifting (over 20 pounds)." The April 25, 2003 MEB referred Plaintiff to the PEB because "[t]he service member fails to meet retention criteria IAW 40-501: Shin splints…."

27. Based on the above evidence, Plaintiff's bilateral shin splints warranted a disability rating of at least 10%, in line with the VA's determination as to that injury.

**(B) Left Foot Pain / Left Foot Strain**

28. After a comprehensive analysis of the record, PDBR recommended a 10% rating for Plaintiff's chronic right foot pain. However, PDBR refused to recommend an increase to the rating for Plaintiff's chronic left foot pain. The Secretary concluded that Plaintiff's left foot pain was "separately unfitting" because "[n]otes in the record demonstrated that the right foot was worse than the left foot." The Secretary coded Plaintiff's left foot injury under DC 5003, and recommended a disability rating of 0% under that code. The VA, in contrast, concluded that each of Plaintiff's foot injuries separately warranted a 10% rating using DC 5284. The Secretary's decision as to Plaintiff's left foot pain is arbitrary, capricious, unsupported by substantial evidence, or otherwise not in accordance with law for at least two reasons: it overlooked the extensive evidence of Plaintiff's left foot pain that supports a disability rating of at least 10% under DC 5003, and it did not consider whether Plaintiff's left foot pain could be rated under DC 5284.

29. First, the Secretary failed to consider whether a compensable rating was warranted under any other diagnostic codes related to the feet, including DC 5284, which the VA used to assign a rating of 10%. That failure is arbitrary, capricious, unsupported by substantial evidence, or otherwise not in accordance with law.

30. Second, the Secretary erroneously applied a 0% rating for Plaintiff's left foot pain under DC 5003. "[A] rating of 10 pct" applies where "limitation of motion" is "objectively confirmed by findings such as swelling … or satisfactory evidence of painful motion." *See* 38 C.F.R. § 4.71a, DC 5003. The Secretary ignored that Plaintiff's injury was confirmed by such evidence. *Id*. Specifically, Plaintiff's Physical Profiles dated November 5, 2002; November 20,

2002; and February 27, 2003 each identify Plaintiff's medical conditions to include "foot pain" that was so severe that Plaintiff's assignments were limited as follows: "NO RUNNING. MARCH AT OWN PACE AND DISTANCE UP TO 1 MILE. WALK AT OWN PACE AND DISTANCE UP TO 2.5 MILES." The Secretary also erroneously concluded that "[t]he last treatment entry related to the left foot was dated 17 months prior to separation," which is August 2002 based on Plaintiff's discharge in December 2003. In drawing that conclusion , the Secretary arbitrarily and capriciously ignored ample evidence of Plaintiff's bilateral foot pain after August 2002, including Plaintiff's Physical Profiles dated November 5, 2002, November 20, 2002, and February 27, 2003 (each listing the medical condition "foot pain"); Plaintiff's Physical Profile dated March 12, 2003 (listing the medical condition "chronic bilateral foot [pain];" and the November 27, 2003 MEB citing "bilateral foot pain."

31. Therefore, as the VA determined, the extensive evidence of Plaintiff's bilateral foot pain merits a disability rating of at least 10% for her left foot strain under DC 5003, and failed to even consider whether Plaintiff's left foot pain could be coded under DC 5284.

**(C) Right Hip Pain**

32. While the MEB found that Plaintiff "fail[ed] to meet retention criteria" because of her right hip pain, the PEB found Plaintiff's right hip pain condition to be "not unfitting" and declined to rate it. The PDBR did not recommend a change to that determination because, according to the PDBR, "there was no performance-based evidence from the record that the condition significantly interfered with satisfactory duty performance." The Secretary's decision is arbitrary, capricious, unsupported by substantial evidence, or otherwise not in accordance with law because it ignored record evidence demonstrating that Plaintiff's right hip injury was unfitting.

33. First, the Secretary's decision is arbitrary, capricious, unsupported by substantial evidence, or otherwise not in accordance with law because it fails to acknowledge record evidence that Plaintiff's right hip pain was unfitting. The PDBR's four-sentence analysis of Plaintiff's right Gunfitting (including the MEB's initial analysis that Plaintiff's right hip pain did not meet retention standards).

34. However, the record shows that Plaintiff's right hip injury "interfered with satisfactory duty performance." Specifically, the MEB expressly states that the "combination of pain" from Plaintiff's injuries, including "pain in multiple musculoskeletal areas including her … right hip … interfere[d] with her ability to perform the duties required by her MOS." The MEB concluded that Plaintiff "fail[ed] to meet retention criteria [because of conditions including] hip pain." And Plaintiff's Physical Profile dated August 28, 2002, limited Plaintiff's assignments to "RUN AT OWN PACE AND DISTANCE" and "FOOT MARCHING LIMITED TO 6 MILES" based solely on the medical condition "CHRONIC RIGHT HIP PAIN." Subsequent Physical Profiles – including those dated November 5, 2002; November 20, 2002; December 20, 2002; February 27, 2003; and March 12, 2003 – list Plaintiff's right hip pain or bilateral hip pain as one of the conditions leading to similar assignment limitations. The PDBR's discussion of Plaintiff's right hip pain fails to mention any of this evidence in its four-sentence discussion of Plaintiff's right hip pain. The PDBR also ignored plain film examinations in April and August of 2002 that revealed degenerative joint disease ("DJD") of the right hip, with calcific tendonitis affecting the acetabular rim – conditions that were not even addressed by the PEB. The chronic pain that served as the basis for a temporary profile in August 2002 also remained unresolved, and was later combined with the other diagnoses of the Examiner as the basis for a permanent profile.

35. This evidence is sufficient to support a finding that Plaintiff's right hip pain was unfitting, and the PDBR's failure to even mention any of the evidence relating to Plaintiff's hip pain demonstrates that the Secretary's decision is arbitrary, capricious, unsupported by substantial evidence, or otherwise not in accordance with law.

36. Had the Secretary found this condition unfitting, it also should have assigned a 10% rating for Plaintiff's right hip pain under DC 5003. Plaintiff recognizes that limitation of hip flexion is typically rated under DC 5252. *See* 38 C.F.R. § 4.71a, DC 5252. Plaintiff's MEB shows that her active range of motion ("AROM") right hip flexion was limited to 90 degrees, and her passive range of motion ("PROM") right hip flexion was limited to 95 degrees. A 10% disability rating is required where hip flexion is limited to 45 degrees, so Plaintiff's hip injury is noncompensable under DC 5252. *Id*. However, pursuant to DC 5003, when "the limitation of motion of the specific joint or joints involved is noncompensable under the appropriate diagnostic codes, a rating of 10 pct is for application for each such major joint or group of minor joints affected by limitation of motion, to be combined, not added under diagnostic code 5003. Limitation of motion must be objectively confirmed by findings such as swelling, muscle spasm, or satisfactory evidence of painful motion." *See* 38 C.F.R. § 4.71a, DC 5003. Plaintiff's medical record includes nearly all such findings. Specifically, as noted above, "pain in multiple musculoskeletal areas including her … right hip … interfere[d] with her ability to perform the duties required by her MOS." Plaintiff's Physical Profile dated August 28, 2002, documented "evidence of painful motion" that limited Plaintiff's assignments to "RUN AT OWN PACE AND DISTANCE" and "FOOT MARCHING LIMITED TO 6 MILES" based solely on her "CHRONIC RIGHT HIP PAIN." Five of Plaintiff's subsequent Physical Profiles list Plaintiff's right hip pain or bilateral hip pain as one of the conditions leading to similar assignment limitations.

37. The PDBR did not mention any of this evidence. Plaintiff's right hip pain merits a disability rating of at least 10% under DC 5003 – a rating that would match the VA's determination as to that injury.

**(D) Combined Disability Rating**

38. Had the Secretary properly applied the VASRD and not rated Plaintiff in an manner that was arbitrary, capricious, unsupported by substantial evidence, or otherwise not in accordance with law, Plaintiff would have been assigned a disability rating of at least 10% for Plaintiff's shin splints, 10% for her right foot pain, and 10% for her right hip pain. If any one of those injuries had been rated correctly, and not arbitrarily and capriciously in light of the record evidence, Plaintiff's combined disability rating would have been at least 30%, indicating Plaintiff suffered a legal wrong as a result of the Secretary's decision.

## COUNT I

## VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT

39. Plaintiff Jewel P. Greenidge hereby incorporates by reference the allegations set forth in paragraphs 1-38 above, as if fully set forth herein.

40. The Secretary's September 17, 2017 decision to adopt the PDBR's recommendation and refuse to change Plaintiff's disability status is subject to judicial review as a final "agency action" under the APA. 5 U.S.C. §§ 551(13), 701, 704. Plaintiff's appeal to the PDBR was the final administrative option available to Plaintiff for review of her combined disability rating. Plaintiff has no further administrative remedies for challenging her erroneous combined disability rating. Plaintiff has made every attempt in good faith to resolve this conflict within the DoD itself, to no avail, and has exhausted all possible administrative remedies.

41. Under the APA, 5 U.S.C. § 706(2)(A), this Court is required to hold unlawful and set aside a final agency action that is arbitrary, capricious, unsupported by substantial evidence, or otherwise not in accordance with law. The Secretary adopted a 20% combined disability rating for Plaintiff. That decision was arbitrary, capricious, unsupported by substantial evidence, or contrary to law, as it failed to recognize significant record evidence that Plaintiff's injuries merited higher disability ratings in accordance with 10 U.S.C. § 1216a. As such, the Secretary's decision to assign Plaintiff a combined 20% disability rating is unlawful under the APA, 5 U.S.C. § 706(2)(A), and must be set aside.

42. The arbitrary and capricious nature of the Secretary's failure to assign an appropriate disability rating for Plaintiff's injuries is made clear when compared to the rating provided by the VA. Both the VA and the Secretary are required to apply the same VASRD. 10 U.S.C. § 1216a. Unlike the Secretary, the VA correctly followed VASRD § 4.71a and awarded a 10% rating for all three of Plaintiff's arguments herein (bilateral shin splints, left foot strain, and right hip pain).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jewel P. Greenidge, respectfully requests the Court to:

**(A)** Find the PDBR decision modifying Plaintiff's combined disability rating to 20% without re-characterization of discharge to be a final agency action within the meaning of 5 U.S.C. § 704;

**(B)** Find that the Secretary's decision of September 17, 2017, and the PDBR's decision of August 18, 2017, were arbitrary and capricious, unsupported by substantial evidence, and contrary to law, and set aside those decisions under 5 U.S.C. § 706(2)(A);

**(C)** Order the Secretary to correct Plaintiff's military records to reflect the correct combined disability rating.

**(D)** Order such other and further relief the Court may deem just and proper.

Dated: October 21, 2019

Respectfully submitted,

/s/ Thomas W. Yeh

LATHAM & WATKINS
Thomas W. Yeh (DC Bar No. 1017831)
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071-1560
(213) 485-1234
thomas.yeh@lw.com

Erin Brown Jones (*admission pending*)
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004
(202) 637-2200
erin.brown.jones@lw.com

NATIONAL VETERANS LEGAL SERVICES PROGRAM
Barton F. Stichman
David Sonenshine
1600 K Street, NW, Suite 500
Washington, DC 20006
(202) 621-5677
bart@nvlsp.org
david@nvlsp.org